UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDISAMAD AHMED, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, et al.<br><br>    Defendants. | Case No. 20-CV-05498-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITH LEAVE TO AMEND IN PART**<br><br>Re: Dkt. No. 9 |

Plaintiffs Abdisamad Ahmed and Kim Hadd (collectively, "Plaintiffs") sue the County of Santa Clara ("The County") and individuals whose identities are unknown to Plaintiffs (collectively, "Defendants") for (1) general negligence; (2) public entity negligence; and (3) violation of rights under 42 U.S.C. § 1983. Before the Court is the County's motion to dismiss Plaintiffs' complaint. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the County's motion to dismiss with prejudice in part and with leave to amend in part.[1]

---

[1] The County's motion to dismiss contains a notice of motion paginated separately from the memorandum of points and authorities in support of the motion. ECF No. 9 at 1–2. Civil Local

1
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITH LEAVE TO AMEND IN PART

I. BACKGROUND

A. Factual Background

On March 15, 2019, Harris Ahmed ("Harris"), Plaintiffs' 21-year-old son, was admitted to the Barbara Arons Pavilion of the Santa Clara Valley Medical Center, which is owned and operated by the County. ECF No. 1-1 ("Compl.") ¶¶ 10, 12.

According to Plaintiffs, Harris was admitted to receive acute psychiatric services after he attempted to run across Interstate 280. *Id.* ¶ 10. Plaintiffs allege that the notice accompanying Harris's admission "designated him as gravely disabled[,] describing [Harris] as very unpredictable, agitated, hyper-religious, threatening at times, yelling and unable to care for himself." *Id.*

Plaintiffs further allege that the notice ordered that Harris be held in the Santa Clara Valley Medical Center until March 29, 2019. *Id.* Despite the notice, Harris was allegedly released on March 26, 2019. *Id.* On the day Harris was released, he allegedly displayed the same behavior described in the notice. *Id.* On March 28, 2019, two days after his release, Harris walked across Interstate 280 and was struck and killed by a vehicle. *Id.*

Plaintiffs allege that the County "knew or should have known that [Harris] was unfit to be released prematurely" but "failed to take necessary steps to prevent [Harris's] release." *Id.* ¶ 12. Plaintiffs allege that, as a result of the County's failure, Harris "remained in an unfit and delirious state, entered onto [I]nterstate 280 . . . and was struck and killed." *Id.*

Following Harris' death, Plaintiffs filed a claim with the County on September 25, 2019. Haley Decl. Exh. A. The County denied the claim on November 1, 2019 and mailed the notice that the claim had been denied on the same day. ECF No. 10 Exh. A. The notice had a section entitled "Warning," which stated that "[s]ubject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this

---

Rule 7-2(b) provides that the notice of motion and points and authorities should be contained in one document with the same pagination.

2
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITH LEAVE TO AMEND IN PART

1  claim." *Id.*

2  **B. Procedural History**

3  On June 4, 2020, Plaintiffs filed suit in the California Superior Court for the County of
4  Santa Clara as heirs to Harris and representatives of Harris's estate. ECF No. 1-1. The Complaint
5  alleges three causes of action: (1) general negligence under California Government Code § 815.2;
6  (2) public entity negligence under California Government Code §§ 815.2 and 820;[2] and (3)
7  violation of rights under 42 U.S.C. § 1983. *Id.* On July 9, 2020, Plaintiffs served the Complaint on
8  the County. ECF No. 1 ¶ 1. On August 7, 2020, the County removed the instant case to this Court.
9  ECF No. 1.

10 On August 14, 2020, the County filed the instant motion to dismiss Plaintiffs' Complaint,
11 ECF No. 9 ("Mot."), and filed a request for judicial notice in support of its motion to dismiss, ECF
12 No. 10. On August 28, 2020, Plaintiffs filed an opposition, which was supported by a declaration
13 from Plaintiffs' counsel, Matthew Haley. ECF No. 12 ("Opp'n"); Haley Decl. On September 4,
14 2020, the County filed a reply. ECF No. 13 ("Reply").

15 The Court may take judicial notice of matters that are either "generally known within the
16 trial court's territorial jurisdiction" or "can be accurately and readily determined from sources
17 whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are proper
18 subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).
19 However, to the extent any facts in documents subject to judicial notice are subject to reasonable
20 dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250
21 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*,
22 307 F.3d 1119 (9th Cir. 2002).

23 Here, the County requests judicial notice of the County's November 1, 2019 notice

---

[2] The header in Plaintiffs' complaint for the second cause of action references California Evidence Code § 669. However, that section solely governs when the failure of a person to exercise due care is presumed, and it does not give rise to a cause of action. In addition, the paragraphs in support of the second cause of action reference California Government Code sections 815.2(a) and 820(a). Thus, the Court considers the second cause of action as if it were brought under those sections.

3
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITH LEAVE TO AMEND IN PART

1   rejecting Plaintiffs' claim pursuant to the California Government Claims Act (CGCA), California
2   Government Code § 810 et *seq*. ECF No. 10. Plaintiffs do not contest the validity of the notice.
3   Courts routinely conclude that such notices are public records that are proper subjects of judicial
4   notice. *See, e.g.*, *Williams v. Nat'l R.R. Passenger Corp.*, Case No. 19-CV-00576-YGR, 2019 WL
5   4848577, at *1 n.2 (N.D. Cal. Oct. 1, 2019) (taking judicial notice of a City's notice rejecting the
6   plaintiff's claim); *Roy v. Contra Costa County*, Case No. 15-CV-02676-TEH, 2015 WL 5698743,
7   at *2 n.6 (N.D. Cal. Sept. 29, 2015) (concluding that a City's notice rejecting the plaintiff's claim
8   was the proper subject of judicial notice); *Wilhite v. City of Bakersfield*, Case No. 11-CV-1692-
9   AWI, 2012 WL 273088, at *3 n.4 (E.D. Cal. Jan. 30, 2012) (taking judicial notice of a County's
10  responses to plaintiff's claim as public records). Similarly, the Court concludes in the instant case
11  that the County's letter denying Plaintiffs' claim is a public record that is a proper subject of
12  judicial notice. Thus, the Court GRANTS the County's request for judicial notice.

## II.     LEGAL STANDARD

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,

4

Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITH LEAVE TO AMEND IN PART

1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Plaintiffs bring three claims: (1) general negligence under California Government Code § 815.2; (2) public entity negligence under California Government Code §§ 815.2 and 820; and (3)

1   violation of rights under 42 U.S.C. § 1983. *Id.* The County moves to dismiss all three claims. The

2   Court first addresses the two state law claims. The Court then addresses the Section 1983 claim.

### A. State Law Claims

The County argues that Plaintiffs' two state law claims should be dismissed with prejudice because Plaintiffs did not file their complaint within the statute of limitations under the CGCA. Mot at 5–6. The Court agrees for the reasons explained below.

Before a plaintiff can sue a public entity or employee for monetary damages, he or she must first file a claim with a governmental entity pursuant to the CGCA. Cal. Gov't Code § 945.4; *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 613 (1991). The plaintiff must file a claim no more than six months after the cause of action has accrued. Cal. Gov't Code § 911.2; *Curtis T. v. County of Los Angeles*, 123 Cal. App. 4th 1405, 1415 (2004). The plaintiff must then sue no more than six months after a public entity mails written notice that it has rejected the plaintiff's claim. Cal. Gov't Code § 945.6(a)(1); *County of Los Angeles v. Superior Court*, 127 Cal. App. 4th 1263, 1267–68 (2005). This six-month period applies from the date the public entity mails the written notice, regardless of whether the plaintiff actually receives the mailed notice. *County of Los Angeles*, 127 Cal. App. 4th at 1271 ("That [Plaintiff's counsel] never received the notice that the claim had been deemed denied is irrelevant."). "Failure to comply with this six-month limitation mandates dismissal of the lawsuit." *Apollo v. Gyaami*, 167 Cal. App. 4th 1468, 1486 n.14 (2008); *see also Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 982–83 (1998) (dismissing a lawsuit for failure to comply with the six-month limitation because "[w]ith rare exceptions, courts have held that the six-month statute of limitations is inviolate") (quoting *Anson v. County of Merced*, 202 Cal. App. 3d 1195, 1200 (1988)); *Dowell v. County of Contra Costa*, 173 Cal. App. 3d 896, 901 (1985) ("Where the notice of rejection complies with [California Government Code] [S]ection 913[,] the six-month statute of limitations cannot be extended by provisions outside the Tort Claims Act.").

In the instant case, the County denied Plaintiffs' claim on November 1, 2019. *See* ECF No.

10 Exh. A ("Notice of Rejection of Claim"). The County mailed the notice that the claim had been denied that same day. *See* ECF No. 10 Exh. A ("Proof of Service by Mail"). Accordingly, the CGCA gave Plaintiffs until May 1, 2020, six months after the County mailed the notice, to sue. Cal. Gov't Code § 945.6(a)(1); *County of Los Angeles*, 127 Cal. App. 4th at 1270–71.

As Plaintiffs point out, the Superior Court for the County of Santa Clara designated March 17, 2020 to March 27, 2020; March 30, 2020 to April 28, 2020; and April 29, 2020 to May 29, 2020 as holidays in response to the coronavirus pandemic. Haley Decl. Exh. C-1 ("For purposes of computing time for filing papers with the Court under Code of Civil Procedure sections 12 and 12a, the time from March 17, 2020 to March 27, 2020, inclusive, is deemed to be holidays . . ."); Exh. C-2 (stating the same as to the time from March 30, 2020 to April 28, 2020); Exh. C-3 (stating the same as to the time from April 29, 2020 to May 29, 2020). Section 12 of the California Code of Civil Procedure provides that "[t]he time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." Cal. Code Civ. Proc. § 12. Similarly, Section 12a states that "[i]f the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday." Cal. Code Civ. Proc. § 12a(a).

May 1, 2020 through May 29, 2020 were holidays, so the period of time in which Plaintiffs could file their complaint extended until the next day that was not a holiday. Because May 30, 2020 was a Saturday, the next day that was not a holiday was Monday, June 1, 2020. Accordingly, Plaintiffs had to file their complaint by June 1, 2020. However, Plaintiffs did not file their complaint until June 4, 2020. *See* Compl. Thus, Plaintiffs' complaint is untimely.

Plaintiffs argue that the holidays designated in response to the coronavirus pandemic (March 17, 2020 to March 27, 2020; March 30, 2020 to April 28, 2020; and April 29, 2020 to May 29, 2020) tolled the statute of limitations at least 59 days, permitting Plaintiffs to file by July 1, 2020. Opp'n at 6–7. However, the statutes merely state that holidays have an impact when they

7

Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITH LEAVE TO AMEND IN PART

occur on the last day to perform an act, in which case the act can be performed on the next day that is not a holiday. *See* Cal. Code Civ. Proc. §§ 12, 12a.

Under the previous version of Section 12a, Plaintiffs' position would have more merit. Section 12a used to state: "As to any act provided or required by law to be performed within a specified period of time, such period of time is hereby extended . . . [b]y such number of days as equals the number of holidays (other than special holidays) appointed by the President or by the Governor and which occur within or during such period." *Laubisch v. Roberdo*, 277 P.2d 9, 13 (Cal. 1954) (quoting Cal. Code Civ. Prod. § 12a (1954)). By contrast, the current version of Section 12a states that a holiday is only excluded if the holiday occurs on the last day of the limitations period. See Cal. Code Civ. Proc. § 12a(a). Thus, under the current version of Section 12a, a holiday does not have an impact unless it occurs on the last day of the limitations period.

Accordingly, several courts have dismissed complaints as untimely when the complaint was not filed on the next day that is not a holiday. *See Beriones v. California*, Case No. 05-CV-1747-LAB, 2007 WL 173868, at *3 (S.D. Cal. Jan. 8, 2007) (concluding that the plaintiff had missed the six month limitations period where the last day to file was a holiday and the plaintiff did not file on the day following the holiday); *see also K.C. ex rel. Rick v. Upland Unified Sch. Dist.*, Case No. EDCV-06-1314-VAP, 2008 WL 4553212, at *3 n.7 (C.D. Cal. Oct. 7, 2008) (concluding that claims were untimely where the last day to file was a holiday and the plaintiff filed the claims two days after the first day following the holiday). Similarly, the Court concludes that Plaintiffs' complaint was untimely filed. Because Plaintiffs did not timely file, the Court must dismiss Plaintiffs' state law claims. *See Apollo*, 167 Cal. App. 4th at 1486 n.14 ("Failure to comply with [the] six-month limitation mandates dismissal of the lawsuit.").

The Court now considers whether to dismiss Plaintiffs' state law claims with prejudice or leave to amend. Dismissal with prejudice is warranted when amendment would be futile, unduly prejudice the opposing party, or cause undue delay, or the moving party has acted in bad faith. *See Leadsinger*, 512 F.3d at 532. Because Plaintiffs did not timely file, amendment would be futile.

*See Hoang v. Bank of America, N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) ("[L]eave to amend need not be granted when 'any amendment would be an exercise in futility,' . . . such as when the claims are barred by the applicable statute of limitations.") (quotation omitted); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) (affirming district court's denial of leave to amend where "[Plaintiff's] claims are barred by the statute of limitations, [so] any amendments would have been futile"). Thus, the Court GRANTS the County's motion to dismiss Plaintiffs' state law claims with prejudice.

### B. Section 1983 Claim

The County next argues that Plaintiffs' claim under 42 U.S.C. § 1983 should be dismissed. Mot. at 8–10. To state a Section 1983 claim, plaintiffs must plead that "(1) the defendants acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes." *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)).

"In order for a person acting under color of state law to be liable under section 1983[,] there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).[3] "A government entity cannot be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978)). To establish a

---

[3] The Complaint does not make it clear whether the Section 1983 claim is brought just against the County or also against individual defendants whose identities are unknown to Plaintiffs. The Complaint says that the claim is "Against Defendant" in the singular, and the Complaint's allegations are against the County. *See* Compl. ¶¶ 31, 32, 34, 35. Both suggest that the claim is against only the County. Even if the claim were against individual defendants whose identities are unknown to Plaintiffs, the Complaint does not allege any facts about those individual defendants' "personal participation" in the alleged rights deprivation. Without such facts, Plaintiffs have failed to state a Section 1983 claim against individual defendants. *Jones*, 297 F.3d at 934 (9th Cir. 2002); *accord Ahmed v. City of Antioch*, Case No. 16-CV-01693-HSG, 2016 WL 8729938, at *2 (N.D. Cal. July 1, 2016) ("Without allegations of personal participation by [the individual defendants], Plaintiffs' claim must fail.").

governmental entity's liability, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Id.* at 900 (quoting *Plumeau v. Sch. Dist. No. 40 Cty. Of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

As the Ninth Circuit has stated, "[d]eliberate indifference is a 'stringent standard of fault.'" *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) (quoting *Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)). Deliberate indifference "is a higher standard than gross negligence because 'it requires a culpable mental state,' meaning that '[t]he state actor must recognize[ ] [an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff.'" *Campbell v. State of Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 846 (9th Cir. 2011) (quoting *Patel*, 648 F.3d at 974).

To meet the deliberate indifference requirement, Plaintiffs allege that the County "knew or should have known that [Harris] was unfit to be released prematurely." Compl. ¶ 12.[4] Plaintiffs further allege that the County's discharge of Harris "lowered the safety and security conferred on [Harris] under federal, state, and/or local laws without due process and/or proper governmental purpose, thereby creating a danger to which [Harris] [fell] victim and doing so with deliberate indifference to the known and obvious danger [Harris] posed to himself." *Id.* ¶ 31. Plaintiffs then reiterate that the County's discharge of Harris "was a deliberate indifference to federal, state, and/or local law." *Id.* ¶ 34.

These allegations are conclusory, merely asserting that the County exhibited deliberate indifference without alleging facts that support that legal conclusion. Such conclusory allegations are insufficient to state a claim. *See Iqbal*, 556 U.S. at 1949–50 (stating that courts are "not bound to accept as true a legal conclusion couched as a factual allegation") (quoting *Twombly*, 550 U.S.

---

[4] This allegation does not suggest deliberate indifference but rather negligence, which is a lower standard of fault. Even if the County "knew or should have known" that Harris should not have been released, the County would merely be exhibiting negligence.

10

Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITH LEAVE TO AMEND IN PART

at 555); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1100 (N.D. Cal. 2017) ("*Twombly* and *Iqbal* . . . require Plaintiff to plead facts, not conclusory allegations.").

In addition, Plaintiffs have not identified a County policy or custom that "amounts to deliberate indifference to the plaintiff's constitutional right" and was "the moving force behind the constitutional violation." *Dougherty*, 654 F.3d at 900 (quotation omitted). Indeed, nowhere in the Complaint do Plaintiffs identify any County policy or custom, nor do they allege that the policy or custom amounted to deliberate indifference or was the moving force behind the alleged constitutional violation in the instant case. This failure mandates dismissal of Plaintiffs' claim. *Id.* at 900–01 (affirming dismissal of Section 1983 claim because the Complaint did not allege "any facts demonstrating that [the] constitutional deprivation was the result of a custom or practice of the City. . . or that the custom or practice was the 'moving force' behind [the] constitutional deprivation"); *accord A.E. ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636–38 (9th Cir. 2012) (concluding that the plaintiff had not stated a Section 1983 claim because the plaintiff had failed to plausibly allege that the County had a policy or custom).[5]

Based on these deficiencies, another Court in this District concluded that the plaintiffs had failed to state a Section 1983 claim. In *Ahmed v. City of Antioch*, the successors-in-interest to a decedent brought Section 1983 claims against several individuals and two municipalities after the decedent was released from a psychiatric hold at a medical center based on suicidal ideation, and the decedent subsequently jumped out of a taxi. 2016 WL 8729938, at *2. The plaintiffs alleged that the defendants "'knew, or should have known' that it was 'necessary to safeguard' or continually supervise an individual threatening suicide such as the decedent." *Id.* The Court

---

[5] Plaintiffs cite the Ninth Circuit's decision in *Lee v. City of Los Angeles*, which states that "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" 250 F.3d at 682–83 (quotation omitted). However, following the Supreme Court's decisions in *Twombly* and *Iqbal*, the Ninth Circuit subsequently overruled this holding. *See A.E.*, 666 F.3d at 636–38. Furthermore, even if Plaintiffs were right about the state of the law, Plaintiffs never made bare allegations that the County's conduct conformed to an official policy, custom, or practice.

11
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITH LEAVE TO AMEND IN PART

1    concluded that the plaintiffs had failed to state a claim because "nothing in the complaint plausibly

2    suggests that [the City] acted with the stringent levels of knowledge and intent that deliberate

3    indifference requires." *Id.* at *3. The Court also concluded that the plaintiffs had failed to state a

4    claim because "Plantiffs fail[ed] to allege that [the City] possessed a policy that was the moving

5    force behind [the decedent's] suicide." *Id.* For the same reasons, the Court concludes that

6    Plaintiffs have failed to state a Section 1983 claim in the instant case. Thus, the Court grants the

7    County's motion to dismiss Plaintiffs' Section 1983 claim.

8          The remaining question is whether the motion should be granted with prejudice or leave to

9    amend. Dismissal with prejudice is warranted when amendment would be futile, unduly prejudice

10   the opposing party, or cause undue delay, or the moving party has acted in bad faith. *See*

11   *Leadsinger*, 512 F.3d at 532. In the instant case, the Court is unsure whether Plaintiffs will be able

12   to state a Section 1983 claim. However, Plaintiffs have not yet had an opportunity to amend their

13   complaint. As a result, the Court cannot necessarily find that amendment would be futile, unduly

14   prejudice Defendants, or cause undue delay. *See A.E.*, 666 F.3d at 637–38 (concluding that the

15   district court abused its discretion by denying leave to amend where the plaintiff's allegation of

16   plausible facts could have cured the deficiency in his Section 1983 claim). In addition, Plaintiffs

17   have not acted in bad faith. Thus, the Court GRANTS leave to amend.

18   **IV.   CONCLUSION**

19         For the foregoing reasons, the Court GRANTS the County's motion to dismiss Plaintiffs'

20   state law claims with prejudice and GRANTS the County's motion to dismiss Plaintiffs' Section

21   1983 claim with leave to amend. Plaintiffs shall file any amended complaint within 30 days of this

22   Order. Failure to do so, or failure to cure deficiencies identified herein or identified in the instant

23   motion to dismiss, will result in dismissal of the deficient claim with prejudice. Plaintiffs may not

24   add new causes of action or add new parties without stipulation or leave of the Court. Plaintiffs are

25   directed to file a redlined complaint comparing the complaint to any amended complaint as an

26   attachment to Plaintiffs' amended complaint.

**IT IS SO ORDERED.**

Dated: December 8, 2020

_____
LUCY H. KOH
United States District Judge

13
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITH LEAVE TO AMEND IN PART