UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDISAMAD AHMED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SANTA CLARA, et al. <br><br> Defendants. | Case No. 20-CV-05498-LHK <br><br> **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 9 |

Plaintiffs Abdisamad Ahmed and Kim Hadd (collectively, "Plaintiffs") sue the County of Santa Clara ("The County") and individuals whose identities are unknown to Plaintiffs (collectively, "Defendants") for (1) general negligence; (2) public entity negligence; and (3) violation of rights under 42 U.S.C. § 1983. Before the Court is the County's motion to dismiss Plaintiffs' complaint. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the County's motion to dismiss with leave to amend.[1]

I.  BACKGROUND

A.  Factual Background

---

[1] This order supersedes ECF No. 21, which was vacated.

On March 15, 2019, Harris Ahmed ("Harris"), Plaintiffs' 21-year-old son, was admitted to the Barbara Arons Pavilion of the Santa Clara Valley Medical Center, which is owned and operated by the County. ECF No. 1-1 ("Compl.") ¶¶ 10, 12.

According to Plaintiffs, Harris was admitted to receive acute psychiatric services after he attempted to run across Interstate 280. *Id.* ¶ 10. Plaintiffs allege that the notice accompanying Harris's admission "designated him as gravely disabled[,] describing [Harris] as very unpredictable, agitated, hyper-religious, threatening at times, yelling and unable to care for himself." *Id.*

Plaintiffs further allege that the notice ordered that Harris be held in the Santa Clara Valley Medical Center until March 29, 2019. *Id.* Despite the notice, Harris was allegedly released on March 26, 2019. *Id.* On the day Harris was released, he allegedly displayed the same behavior described in the notice. *Id.* On March 28, 2019, two days after his release, Harris walked across Interstate 280 and was struck and killed by a vehicle. *Id.*

Plaintiffs allege that the County "knew or should have known that [Harris] was unfit to be released prematurely" but "failed to take necessary steps to prevent [Harris's] release." *Id.* ¶ 12. Plaintiffs allege that, as a result of the County's failure, Harris "remained in an unfit and delirious state, entered onto [I]nterstate 280 . . . and was struck and killed." *Id.*

Following Harris' death, Plaintiffs filed a claim with the County on September 25, 2019. Haley Decl. Exh. A. The County denied the claim on November 1, 2019 and mailed the notice that the claim had been denied on the same day. ECF No. 10 Exh. A.

**B. Procedural History**

On June 4, 2020, Plaintiffs filed suit in the California Superior Court for the County of Santa Clara as heirs to Harris and representatives of Harris's estate. Compl. The Complaint alleges three causes of action: (1) general negligence under California Government Code § 815.2; (2) public entity negligence under California Government Code §§ 815.2 and 820;[2] and (3) violation

---

[2] The header in Plaintiffs' complaint for the second cause of action references California Evidence Code § 669. However, that section solely governs when the failure of a person to exercise due care

of rights under 42 U.S.C. § 1983. *Id.* On July 9, 2020, Plaintiffs served the Complaint on the County. ECF No. 1 ¶ 1. On August 7, 2020, the County removed the instant case to this Court. ECF No. 1.

On August 14, 2020, the County filed the instant motion to dismiss Plaintiffs' Complaint, ECF No. 9 ("Mot."),[3] and filed a request for judicial notice in support of its motion to dismiss, ECF No. 10. On August 28, 2020, Plaintiffs filed an opposition, which was supported by a declaration from Plaintiffs' counsel, Matthew Haley. ECF No. 12 ("Opp'n"); Haley Decl. On September 4, 2020, the County filed a reply. ECF No. 13 ("Reply").

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Here, the County requests judicial notice of the County's November 1, 2019 notice rejecting Plaintiffs' claim pursuant to the California Government Claims Act (CGCA), California Government Code § 810 et *seq*. ECF No. 10. Plaintiffs do not contest the validity of the notice. Courts routinely conclude that such notices are public records that are proper subjects of judicial notice. *See, e.g.*, *Williams v. Nat'l R.R. Passenger Corp.*, Case No. 19-CV-00576-YGR, 2019 WL

---

is presumed, and it does not give rise to a cause of action. In addition, the paragraphs in support of the second cause of action reference California Government Code sections 815.2(a) and 820(a). Thus, the Court considers the second cause of action as if it were brought under those sections.

[3] The County's motion to dismiss contains a notice of motion paginated separately from the memorandum of points and authorities in support of the motion. ECF No. 9 at 1–2. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities should be contained in one document with the same pagination.

4848577, at *1 n.2 (N.D. Cal. Oct. 1, 2019) (taking judicial notice of a City's notice rejecting the plaintiff's claim); *Roy v. Contra Costa County*, Case No. 15-CV-02676-TEH, 2015 WL 5698743, at *2 n.6 (N.D. Cal. Sept. 29, 2015) (concluding that a City's notice rejecting the plaintiff's claim was the proper subject of judicial notice); *Wilhite v. City of Bakersfield*, Case No. 11-CV-1692-AWI, 2012 WL 273088, at *3 n.4 (E.D. Cal. Jan. 30, 2012) (taking judicial notice of a County's responses to plaintiff's claim as public records). Similarly, the Court concludes in the instant case that the County's letter denying Plaintiffs' claim is a public record that is a proper subject of judicial notice. Thus, the Court GRANTS the County's request for judicial notice.

## II.  LEGAL STANDARD

### A.  Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.

4
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Plaintiffs bring three claims: (1) general negligence under California Government Code § 815.2; (2) public entity negligence under California Government Code §§ 815.2 and 820; and (3) violation of rights under 42 U.S.C. § 1983. *Id.* The County moves to dismiss all three claims. The Court first addresses the state law claims. The Court then addresses the Section 1983 claim.

### A. State Law Claims

The County argues that Plaintiffs' state law claims should be dismissed. Mot. at 4–5, 6–7. The Court agrees for two independent reasons. First, Plaintiffs did not comply with the CGCA's claim presentation requirement. Second, the County and its employees are immune from

Plaintiffs' claims pursuant to state law. The Court discusses each of these arguments in turn.

### 1. Claim Presentation Requirement

Before a plaintiff can sue a public entity or employee for monetary damages, he or she must first fulfill the claim presentation requirement by filing a claim with the public entity. Cal. Gov't Code § 945.4; *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 613 (1991). The plaintiff must file a claim no more than six months after the cause of action has accrued. Cal. Gov't Code § 911.2; *Curtis T. v. County of Los Angeles*, 123 Cal. App. 4th 1405, 1415 (2004). The plaintiff must then sue no more than six months after the public entity mails written notice that it has rejected the plaintiff's claim. Cal. Gov't Code § 945.6(a)(1); *County of Los Angeles v. Superior Court*, 127 Cal. App. 4th 1263, 1267–68 (2005).

"[A] plaintiff must allege in the complaint compliance or circumstances excusing compliance with the claims presentation requirement in order to state facts sufficient to constitute a cause of action against a public entity." *Dang v. Oakland Police Dep't*, Case No. C 13-4155 PJH, 2014 WL 793613, at *9 (N.D. Cal. Feb. 26, 2014) (citing *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239–45 (2004)). "[C]ompliance with the claims presentation requirement is a condition precedent to filing suit." *Id*. at *10. "[F]ailure to allege compliance or circumstances excusing compliance with the claim presentation requirement subjects a complaint to a general demurrer for failure to state facts sufficient to constitute a cause of action." *Bodde*, 90 P.3d 116, 119 (Cal. 2004); *see also D.V. v. City of Sunnyvale*, 65 F. Supp. 3d 782, 786 (N.D. Cal. 2014) ("[U]nder *Bodde*, the complaint must include facts demonstrating compliance with the claim presentation requirement or the claim will be dismissed.") (citing *Bodde*, 32 Cal.4th at 1239).

In their opposition, Plaintiffs state that they have complied with the claim presentation requirement by filing a claim with the County on September 25, 2019. Opp'n at 5. Plaintiffs further state that the County rejected their claim in a letter dated November 1, 2019. *Id*. However, Plaintiffs did not allege facts demonstrating compliance with the claim presentation requirement in their Complaint. *See* Compl. Specifically, the Complaint contains no mention of Plaintiffs'

1  September 25, 2019 claim or the County's November 1, 2019 rejection of Plaintiffs' claim. *Id*.

2  Because Plaintiffs have not alleged facts demonstrating compliance with the claim presentation requirement in their Complaint, the Court dismisses their state law claims. *See D.V.*, 65 F. Supp. 3d at 786 (dismissing claims because complaint failed to allege compliance with the claim presentation requirement); *Robinson v. Alameda Cty.*, 875 F. Supp. 3d 1029, 1043 (N.D. Cal. 2012) (dismissing claim where "Plaintiff neither alleges compliance with the CGCA [claim presentation requirement] nor provides a justification to excuse her noncompliance in the Complaint"); *Dang*, 2014 WL 793613, at *9–*10 (granting motion to dismiss because Plaintiff failed to comply with the claims presentation requirement); *Nnachi v. City & Cty. of San Francisco*, Case No. 13-CV-05582-KAW, 2014 WL 4088149, at *3–*4 (N.D. Cal. Aug. 19, 2014) (granting motion to dismiss where the complaint "does not contain any allegation that Plaintiff presented his intentional infliction of emotional distress claim [to the City] . . . or that he was excused from complying with the . . . claims presentation requirements").

Although Plaintiffs state in their opposition that they submitted a claim to the County and that the County rejected the claim, Plaintiffs must plead facts demonstrating compliance with the claim presentation requirement in the complaint. *See Bodde*, 90 P.3d at 119. Accordingly, the Court dismisses Plaintiffs' state law claims. *See D.V.*, 65 F. Supp. 3d at 786 (granting motion to dismiss complaint even though plaintiffs had stated in their opposition to the motion that they had submitted a claim to the public entity and that the claim had been rejected).

**2. Immunity Under State Law**

Under Section 856 of the California Government Code, "[n]either a public entity nor a public employee acting within the scope of his employment is liable for any injury resulting from determining . . . [w]hether to confine a person for mental illness or addiction . . . [or] [w]hether to parole, grant a leave of absence to, or release a person confined for mental illness or addiction." Cal. Gov't Code §§ 856(a)(1), (3). Section 856 immunity extends to "all those involved in the process leading to release," not just "the custodial officer who makes the final determination to release." *Hernandez v. State of California*, 11 Cal. App. 3d 895, 899 (1970). "[T]he scope of the

7
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

immunity extends not only to the final determination to confine or not to confine the person for mental illness, but to all determinations involved in the process of commitment." *Tarasoff v. Regents of University of California*, 551 P.2d 334, 448 (Cal. 1976). By creating this immunity, "the Legislature intended to encourage a policy of free release from confinement, unfettered by the possibility of charges of negligence against those who participate in the process leading to release." *Hernandez*, 11 Cal. App. at 900.

Section 856 immunity protects public entities from liability for injuries stemming from their determination that a person confined for mental illness should be released. For example, in *Hernandez v. State of California*, the plaintiffs were heirs of a decedent who had been killed by her son following his release from confinement at a state mental hospital. 11 Cal. App. at 897. The plaintiffs alleged that the son had been released because the hospital's employees had failed to maintain proper records of the son's treatment. *Id*. at 898. The Court of Appeals concluded that Section 856 provided immunity to the employees because Section 856 immunity extended to "all those involved in the process leading to release." *Id*. at 899.

Section 856 provides immunity to the County in the instant case as well. Plaintiffs' state law claims stem from the County's allegedly erroneous decision to prematurely release Harris, who was being confined for mental illness at the Santa Clara Valley Medical Center. Compl. ¶¶ 10, 12. Plaintiffs allege that "[the County] knew or should have known that [Harris] was unfit to be released prematurely" but "failed to take necessary steps to prevent [Harris's] release." *Id*. ¶ 12. Plaintiffs allege that, as a result of the County's failure, Harris "remained in an unfit and delirious state, entered onto [I]nterstate 280 . . . and was struck and killed." *Id*. ¶ 10. Thus, Plaintiffs' state law claims stem from the County's allegedly erroneous decision to release Harris, who was being confined for mental illness. Accordingly, the County cannot be held liable because, under Section 856(a)(3), "[n]either a public entity nor a public employee acting within the scope of his employment is liable for any injury resulting from determining . . . [w]hether to . . . release a person confined for mental illness or addiction." Cal. Gov't Code § 856(a)(3); *see also Hernandez*, 11 Cal. App. at 900 (concluding that employees of a state mental hospital who failed to maintain

proper records and therefore erroneously released a person confined for mental illness were not liable for injuries that stemmed from the release).[4]

Plaintiffs argue that Section 856 does not immunize the County because California Government Code Section 845.6 created a statutory duty for the County to summon additional medical care. Opp'n at 7–8. However, Section 845.6 applies only to prisoners. *See* Cal. Gov't Code § 845.6 (providing that "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that *the prisoner* is in need of immediate medical care") (emphasis added). Because Harris was not a prisoner, Section 845.6 does not apply. Thus, under Section 856, the County is immune from Plaintiffs' state law claims, which stem from the County's decision to release Harris from confinement.[5]

### 3. Leave to Amend

Plaintiffs request that they be allowed to amend their pleading if the Court finds their complaint deficient. Opp'n at 12. Dismissal with prejudice is warranted when amendment would be futile, unduly prejudice the opposing party, or cause undue delay, or the moving party has acted in bad faith. *See Leadsinger*, 512 F.3d at 532. In the instant case, the Court is unsure whether Plaintiffs will be able to allege state law claims, particularly given the County's immunity under

---

[4] Section 856(c) provides that "[n]othing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission in carrying out or failing to carry out: (1) [a] determination to confine or not to confine a person for mental illness or addiction . . . (2) [t]he terms and conditions of confinement of a person for mental illness or addiction . . . [or] (3) [a] determination to parole, grant a leave of absence to, or release a person confined for mental illness or addiction." Cal. Gov't Code § 856(c). However, this subsection applies only to public employees, not to the County. *Johnson v. County of Ventura*, 29 Cal. App. 4th 1400, 1409–10 (1994) (rejecting Plaintiffs' argument that Section 856(c) imposed liability on the County because "Government Code section 856, subdivision (c), applies to public employees, not public entities."). Plaintiffs have not made specific allegations about acts or omissions by public employees. Rather, they allege that the County erroneously released Harris. *See* Compl. ¶¶ 12, 13, 16, 17, 20, 23, 24, 26, 27, 28. Thus, Section 856(c) does not apply.

[5] To the extent that Plaintiffs claim that Harris' release was the result of a misdiagnosis or a failure to prescribe adequate medication, California Government Code Section 855.8 provides immunity to the County. *See* Cal. Gov't Code § 855.8(a) ("Neither a public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental illness or addiction or from failing to prescribe for mental illness or addiction.").

9
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Section 856. However, Plaintiffs have not yet had an opportunity to amend their complaint. Thus, the Court cannot conclude that amendment would be futile, unduly prejudice the County, or cause undue delay. Accordingly, the Court grants the County's motion to dismiss Plaintiffs' state law claims with leave to amend.

### B. Section 1983 Claim

The County next argues that Plaintiffs' claim under 42 U.S.C. § 1983 should be dismissed. Mot. at 8–10. To state a Section 1983 claim, plaintiffs must plead that "(1) the defendants acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes." *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)).

"In order for a person acting under color of state law to be liable under section 1983[,] there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).[6] "A government entity cannot be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978)). To establish a governmental entity's liability, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the

---

[6] The Complaint does not make it clear whether the Section 1983 claim is brought just against the County or also against individual defendants whose identities are unknown to Plaintiffs. The Complaint says that the claim is "Against Defendant" in the singular, and the Complaint's allegations are against the County. *See* Compl. ¶¶ 31, 32, 34, 35. Both suggest that the claim is against only the County. Even if the claim were against individual defendants whose identities are unknown to Plaintiffs, the Complaint does not allege any facts about those individual defendants' "personal participation" in the alleged rights deprivation. Without such facts, Plaintiffs have failed to state a Section 1983 claim against individual defendants. *Jones*, 297 F.3d at 934 (9th Cir. 2002); *accord Ahmed v. City of Antioch*, Case No. 16-CV-01693-HSG, 2016 WL 8729938, at *2 (N.D. Cal. July 1, 2016) ("Without allegations of personal participation by [the individual defendants], Plaintiffs' claim must fail.").

policy is the moving force behind the constitutional violation." *Id.* at 900 (quoting *Plumeau v. Sch. Dist. No. 40 Cty. Of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

As the Ninth Circuit has stated, "[d]eliberate indifference is a 'stringent standard of fault.'" *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) (quoting *Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)). Deliberate indifference "is a higher standard than gross negligence because 'it requires a culpable mental state,' meaning that '[t]he state actor must recognize[ ] [an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff.'" *Campbell v. State of Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 846 (9th Cir. 2011) (quoting *Patel*, 648 F.3d at 974).

To meet the deliberate indifference requirement, Plaintiffs allege that the County "knew or should have known that [Harris] was unfit to be released prematurely." Compl. ¶ 12.[7] Plaintiffs further allege that the County's discharge of Harris "lowered the safety and security conferred on [Harris] under federal, state, and/or local laws without due process and/or proper governmental purpose, thereby creating a danger to which [Harris] [fell] victim and doing so with deliberate indifference to the known and obvious danger [Harris] posed to himself." *Id.* ¶ 31. Plaintiffs then reiterate that the County's discharge of Harris "was a deliberate indifference to federal, state, and/or local law." *Id.* ¶ 34.

These allegations are conclusory, merely asserting that the County exhibited deliberate indifference without alleging facts that support that legal conclusion. Such conclusory allegations are insufficient to state a claim. *See Iqbal*, 556 U.S. at 1949–50 (stating that courts are "not bound to accept as true a legal conclusion couched as a factual allegation") (quoting *Twombly*, 550 U.S. at 555); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1100 (N.D. Cal. 2017) ("*Twombly* and *Iqbal* . . . require Plaintiff to plead facts, not conclusory allegations.").

In addition, Plaintiffs have not identified a County policy or custom that "amounts to

---

[7] This allegation does not suggest deliberate indifference but rather negligence, which is a lower standard of fault. Even if the County "knew or should have known" that Harris should not have been released, the County would merely be exhibiting negligence.

deliberate indifference to the plaintiff's constitutional right" and was "the moving force behind the constitutional violation." *Dougherty*, 654 F.3d at 900 (quotation omitted). Indeed, nowhere in the Complaint do Plaintiffs identify any County policy or custom, nor do they allege that the policy or custom amounted to deliberate indifference or was the moving force behind the alleged constitutional violation in the instant case. This failure mandates dismissal of Plaintiffs' claim. *Id.* at 900–01 (affirming dismissal of Section 1983 claim because the Complaint did not allege "any facts demonstrating that [the] constitutional deprivation was the result of a custom or practice of the City. . . or that the custom or practice was the 'moving force' behind [the] constitutional deprivation"); *accord A.E. ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636–38 (9th Cir. 2012) (concluding that the plaintiff had not stated a Section 1983 claim because the plaintiff had failed to plausibly allege that the County had a policy or custom).[8]

Based on these deficiencies, another Court in this District concluded that the plaintiffs had failed to state a Section 1983 claim. In *Ahmed v. City of Antioch*, the successors-in-interest to a decedent brought Section 1983 claims against several individuals and two municipalities after the decedent was released from a psychiatric hold at a medical center based on suicidal ideation, and the decedent subsequently jumped out of a taxi. 2016 WL 8729938, at *2. The plaintiffs alleged that the defendants "'knew, or should have known' that it was 'necessary to safeguard' or continually supervise an individual threatening suicide such as the decedent." *Id.* The Court concluded that the plaintiffs had failed to state a claim because "nothing in the complaint plausibly suggests that [the City] acted with the stringent levels of knowledge and intent that deliberate indifference requires." *Id.* at *3. The Court also concluded that the plaintiffs had failed to state a claim because "Plantiffs fail[ed] to allege that [the City] possessed a policy that was the moving

---

[8] Plaintiffs cite the Ninth Circuit's decision in *Lee v. City of Los Angeles*, which states that "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" 250 F.3d at 682–83 (quotation omitted). However, following the Supreme Court's decisions in *Twombly* and *Iqbal*, the Ninth Circuit subsequently overruled this holding. *See A.E.*, 666 F.3d at 636–38. Furthermore, even if Plaintiffs were right about the state of the law, Plaintiffs never made bare allegations that the County's conduct conformed to an official policy, custom, or practice.

force behind [the decedent's] suicide." *Id.* For the same reasons, the Court concludes that Plaintiffs have failed to state a Section 1983 claim in the instant case. Thus, the Court grants the County's motion to dismiss Plaintiffs' Section 1983 claim.

The remaining question is whether the motion should be granted with prejudice or leave to amend. Dismissal with prejudice is warranted when amendment would be futile, unduly prejudice the opposing party, or cause undue delay, or the moving party has acted in bad faith. *See Leadsinger*, 512 F.3d at 532. In the instant case, the Court is unsure whether Plaintiffs will be able to state a Section 1983 claim. However, Plaintiffs have not yet had an opportunity to amend their complaint. As a result, the Court cannot necessarily find that amendment would be futile, unduly prejudice Defendants, or cause undue delay. *See A.E.*, 666 F.3d at 637–38 (concluding that the district court abused its discretion by denying leave to amend where the plaintiff's allegation of plausible facts could have cured the deficiency in his Section 1983 claim). In addition, Plaintiffs have not acted in bad faith. Thus, the Court GRANTS leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the County's motion to dismiss with leave to amend. Plaintiffs shall file any amended complaint within 30 days of this Order. Failure to do so, or failure to cure deficiencies identified herein or identified in the instant motion to dismiss, will result in dismissal of the deficient claims with prejudice. Plaintiffs may not add new causes of action or add new parties without stipulation or leave of the Court. Plaintiffs are directed to file a redlined complaint comparing the complaint to any amended complaint as an attachment to Plaintiffs' amended complaint.

**IT IS SO ORDERED.**

Dated: January 12, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge