United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDISAMAD AHMED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.<br><br>Defendants. | Case No. 20-CV-05498-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 28 |

Plaintiffs Abdisamad Ahmed and Kim Hadd (collectively, "Plaintiffs") sue the County of Santa Clara ("the County") and individuals whose identities are unknown to Plaintiffs (collectively, "Defendants") for (1) general negligence; (2) public entity negligence; and (3) violation of rights under 42 U.S.C. § 1983. Before the Court is the County's motion to dismiss Plaintiffs' First Amended Complaint. ECF No. 28. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the County's motion to dismiss with prejudice.

## I. BACKGROUND

### A. Factual Background

On March 15, 2019, Harris Ahmed ("Harris"), Plaintiffs' 21-year-old son, was admitted to

1
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

the Barbara Arons Pavilion of the Santa Clara Valley Medical Center, which is owned and operated by the County. ECF No. 25 ("FAC") ¶¶ 12, 15.

According to Plaintiffs, Harris was admitted to receive acute psychiatric services after he attempted to run across Interstate 280. *Id.* ¶ 12. Plaintiffs allege that the notice of admission "designated [Harris] as gravely disabled[,] describing [Harris] as very unpredictable, agitated, hyper-religious, threatening at times, yelling and unable to care for himself." *Id.* Plaintiffs further allege that the notice of admission ordered that Harris be held in the Santa Clara Valley Medical Center until March 29, 2019. *Id.* Despite the notice of admission, Harris was allegedly released on March 26, 2019. *Id.* On the day Harris was released, he allegedly displayed the same behavior described in the notice of admission. *Id.*

Plaintiffs allege that, on March 26, 2019, "authorized employees of the Santa Clara Valley Medical Center called Plaintiffs to inform them that [Harris] would be released that day." *Id.* ¶ 13. Prior to that call, Plaintiffs believed that Harris would be released on March 29, 2019, the date on the notice of admission. *Id.* Plaintiffs allege that Plaintiffs were not given enough time to make arrangements for Harris to be seen by his physician. *Id.* According to Plaintiffs, Plaintiffs "repeatedly asked to speak with an administrator, doctor, or any other official about the proper or safe way to accomplish the discharge but no one would assist or provide any assistance as to how to safely accomplish the decision to discharge [Harris]." *Id.* Plaintiffs allege that, "despite the County's knowledge of [Harris's] grave mental condition, and after making the decision to release him, the County failed to contact Harris's primary care physician or arrange transportation" to take Harris to the hospital where his physician was located. *Id.* The authorized employees also allegedly failed to refer Plaintiff or Harris "services or resources, which those employees knew could be used to assist [Harris]." *Id.*

On March 28, 2019, two days after his release, Harris walked across Interstate 280 and was struck and killed by a vehicle. *Id.* ¶ 14. Plaintiffs allege that the County "knew or should have known that [Harris] was unfit to be released prematurely" but "failed to act reasonably and with due care in the treatment of and the manner of transitioning [Harris] following their determination

2
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

to not confine him." *Id.* ¶ 16. Plaintiffs allege that, as a result of the County's "failure to act reasonably and with due care following the determination to not confine" Harris, Harris "remained in an unfit and delirious state, entered onto [I]nterstate 280 . . . and was struck and killed by a vehicle." *Id.* ¶ 17.

Following Harris' death, Plaintiffs filed a government claim with the County on September 25, 2019 pursuant to the California Government Claims Act, California Government Code § 810 et *seq*. ECF No. 28-1 ("RJN") Exh. A. Plaintiffs' government claim alleges that "Harris was admitted into the Santa Clara Valley Medical Center on March 15, 2019," and the notice of admission "ordered Harris to be held in the Santa Clara Valley Medical Center until March 29, 2019." *Id.* Plaintiffs' government claim further alleges that Harris "was instead released three day[s] prior to his ordered date of release on March 26, 2019." *Id.* Plaintiffs' government claim states that, on March 28, 2019, Harris walked onto the southbound portion of [I]nterstate 280" and was struck and killed by a vehicle. *Id.* The County denied the claim on November 1, 2019 and mailed the notice that the claim had been denied on the same day. ECF No. 10 Exh. A.

**B. Procedural History**

On June 4, 2020, Plaintiffs filed suit in the California Superior Court for the County of Santa Clara as heirs to Harris and representatives of Harris's estate. ECF No. 1-1. On August 7, 2020, the County removed the instant case to this Court. ECF No. 1. On August 14, 2020, the County filed a motion to dismiss Plaintiffs' Complaint. ECF No. 9.

On January 12, 2021, the Court granted the County's motion to dismiss with leave to amend. ECF No. 24. The Court granted the County's motion to dismiss Plaintiffs' state law claims for two independent reasons. First, the Court concluded that Plaintiffs had not complied with the California Government Claims Act's claim presentation requirement because Plaintiffs' Complaint did not allege that Plaintiffs had submitted a claim to the County. *Id.* at 5–7. Second, the Court concluded that the County and its employees were immune from Plaintiffs' claims under California Government Code Section 856, which establishes that "neither a public entity nor a public employee acting within the scope of his employment is liable for any injury resulting from

3

Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

determining . . . [w]hether to confine a person for mental illness or addiction." *Id.* at 7 (quoting Cal. Gov't Code § 856(a)). Although the Court was "unsure whether Plaintiffs will be able to allege state law claims, particularly given the County's immunity under Section 856," the Court granted leave to amend Plaintiffs' state law claims. *Id.* at 9–10.

The Court also granted the County's motion to dismiss Plaintiffs' Section 1983 claim. The Court held that Plaintiffs' allegations as to deliberate indifference were "conclusory, merely asserting that the County exhibited deliberate indifference without alleging facts that support that legal conclusion." *Id*. at 11. The Court further concluded that Plaintiffs had not plausibly alleged the existence of a County policy, custom, or practice that amounted to deliberate indifference and was the moving force behind the constitutional violation. *Id.* at 11–12. Although the Court was "unsure whether Plaintiffs will be able to state a Section 1983 claim," the Court granted leave to amend Plaintiffs' Section 1983 claim. *Id.* at 13.

The Court ordered Plaintiffs to file an amended complaint within 30 days of the Court's order. *Id.* The Court warned that "[f]ailure to do so, or failure to cure deficiencies identified herein or identified in the instant motion to dismiss, will result in dismissal of the deficient claims with prejudice." *Id.*

On January 29, 2021, Plaintiffs filed their First Amended Complaint. FAC. Plaintiffs' First Amended Complaint alleges three causes of action: (1) general negligence under California Government Code § 815.2; (2) public entity negligence under California Government Code §§ 815.2 and 820;[1] and (3) violation of rights under 42 U.S.C. § 1983. *Id.* ¶¶ 18–43.

On February 16, 2021, the County filed the instant motion to dismiss Plaintiffs' First Amended Complaint, ECF No. 28 ("Mot."), and a request for judicial notice, RJN. On March 2,

---

[1] The header in Plaintiffs' First Amended Complaint for the second cause of action references California Evidence Code § 669. However, that section solely governs when the failure of a person to exercise due care is presumed, and it does not give rise to a cause of action. In addition, the paragraphs in support of the second cause of action reference California Government Code sections 815.2(a) and 820(a). Thus, the Court considers the second cause of action as if it were brought under those sections.

4
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1  2021, Plaintiffs filed an opposition. ECF No. 30 ("Opp'n"). On March 9, 2021, the County filed a reply. ECF No. 31 ("Reply").

The County requests judicial notice of Plaintiffs' September 25, 2019 government claim. RJN. The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

In the instant case, the County requests judicial notice of Plaintiffs' September 25, 2019 government claim. RJN. Plaintiffs do not contest the validity of the government claim. Courts routinely conclude that such government claims are proper subjects of judicial notice. *See, e.g.*, *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 811 (N.D. Cal. 2019) (taking judicial notice of a government claim filed pursuant to the California Government Claims Act), *Kim v. City of Belmont*, 2018 WL 500269, at *3 (N.D. Cal. Jan. 22, 2018) (taking judicial notice of a government claim filed pursuant to the California Government Claims Act that was referenced in the complaint but not physically attached to the pleadings). Similarly, the Court concludes in the instant case that Plaintiffs' government claim, which is referenced in Plaintiffs' First Amended Complaint but not attached to the pleadings, is a proper subject of judicial notice. Thus, the Court GRANTS the County's request for judicial notice.

## II. LEGAL STANDARD

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil

5

Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the

pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**III. DISCUSSION**

Plaintiffs bring three claims: (1) general negligence under California Government Code § 815.2; (2) public entity negligence under California Government Code §§ 815.2 and 820; and (3) violation of rights under 42 U.S.C. § 1983. *Id.* The County moves to dismiss all three claims. The Court first addresses the state law claims. The Court then addresses the Section 1983 claim.

**A. State Law Claims**

The County contends that Plaintiffs' state law claims are precluded by the claim presentation requirement of the California Government Claims Act, which requires Plaintiffs to present their theory to the County in a government claim before filing suit. Mot. at 11–13. The Court agrees.

In Plaintiffs' government claim before filing suit and in Plaintiffs' initial Complaint in the instant case, Plaintiffs challenged the County's decision to release Harris. *See* RJN Exh. A; ECF No. 1-1 ¶¶ 10, 12. Thus, in this Court's order on the County's first motion to dismiss, the Court concluded that the County and its employees were immune from Plaintiffs' state law claims under California Government Code Section 856, which provides that "neither a public entity nor a public employee acting within the scope of his employment is liable for any injury resulting from determining . . . [w]hether to confine a person for mental illness." *See* ECF No. 24. at 7 (quoting Cal. Gov't Code § 856(a)).

To avoid the immunity bar, Plaintiffs' First Amended Complaint amended the theory of the state law claims to now challenge the manner of Harris's release, not the decision to release Harris. *See* FAC ¶¶ 13, 21. However, because Plaintiffs never presented this new theory in a government claim before filing suit, Plaintiffs have failed to meet the claim presentation

7

Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

requirement.

Below, the Court addresses in turn: (1) the claim presentation requirement, (2) the allegations in Plaintiffs' government claim, (3) the allegations in Plaintiffs' First Amended Complaint, and (4) whether Plaintiffs' government claim fulfilled the claims presentation requirement.

Before a plaintiff can sue a public entity or employee for monetary damages, he or she must first fulfill the California Government Claims Act's claim presentation requirement by filing a claim with the public entity. Cal. Gov't Code § 945.4; *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 613 (1991). The plaintiff must file a claim no more than six months after the cause of action has accrued. Cal. Gov't Code § 911.2; *Curtis T. v. County of Los Angeles*, 123 Cal. App. 4th 1405, 1415 (2004). The plaintiff must then sue no more than six months after the public entity mails written notice that it has rejected the plaintiff's claim. Cal. Gov't Code § 945.6(a)(1); *County of Los Angeles v. Superior Court*, 127 Cal. App. 4th 1263, 1267–68 (2005).

In order to fulfill the claim presentation requirement, "the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint." *Donohue v. State of California*, 178 Cal. App. 3d 795, 802 (1986). Indeed, if a plaintiff presents a government claim that does not include the basis of the plaintiff's forthcoming legal action, the plaintiff thwarts the purpose of the claim presentation requirement, which is "to apprise the governmental body of imminent legal action so that it may investigate and evaluate the claim and where appropriate, avoid litigation by settling meritorious claims." *Id.* at 804 (quotation omitted). Accordingly, if the complaint "alleges a factual basis for recovery which is not fairly reflected in the written claim," the complaint should be dismissed. *See id.* (affirming judgment for defendant because "the act of permitting an uninsured motorist to take a driving test," which was the basis for plaintiff's government claim, "is not the factual equivalent of the failure to control or direct the motorist in the course of his examination," which was the basis for plaintiff's complaint); *Connelly v. State of California*, 3 Cal. App. 3d 744, 747, 753 (1970) (affirming dismissal where plaintiff's government claim alleged that state representatives negligently provided the plaintiff with inaccurate

8
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

information about the anticipated rise in the level of a river, but plaintiff's complaint alleged that the state was negligently operating the river's dams).

In the instant case, Plaintiffs' government claim challenges the decision to release Harris. *See* RJN Exh. A. Specifically, Plaintiffs' government claim alleges that: (1) "Harris was admitted into the Santa Clara Valley Medical Center on March 15, 2019"; (2) the notice of admission "ordered Harris to be held in the Santa Clara Valley Medical Center until March 29, 2019"; and (3) Harris "was instead released three day[s] prior to his ordered date of release on March 26, 2019." *Id*. Accordingly, Plaintiffs' government claim challenges the decision to release Harris. Similarly, Plaintiffs' initial Complaint in the instant case challenges the decision to release Harris. ECF No. 1-1 ¶¶ 10, 12.

On January 12, 2021, the Court dismissed Plaintiffs' initial Complaint because the Court concluded that the County and its employees were immune from Plaintiffs' claims under California Government Code Section 856, which provides that "neither a public entity nor a public employee acting within the scope of his employment is liable for any injury resulting from determining . . . [w]hether to confine a person for mental illness or addiction." *See* ECF No. 24. at 7 (quoting Cal. Gov't Code § 856(a)).

In an attempt to plead around Section 856's immunity, Plaintiffs' First Amended Complaint relies on Section 856(c), which states that "[n]othing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission in carrying out or failing to carry out . . . [a] determination to parole, grant a leave of absence to, or release a person confined for mental illness." Cal. Gov't Code § 856(c). Accordingly, Plaintiffs' First Amended Complaint states that the County's wrongful acts or omissions "did not pertain to a decision whether to release [Harris], but rather involved the ministerial acts and/or omissions in the implementations of the decisions to release [Harris]." FAC ¶ 23. Specifically, Plaintiffs' First Amended Complaint alleges that "authorized employees of the Santa Clara Valley Medical Center" were negligent in carrying out the determination to release Harris because: (1) Plaintiffs "were not afforded enough time to make arrangements for [Harris] to be seen by his physician";

9
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

(2) Plaintiffs "repeatedly asked to speak with an administrator, doctor, or any other official about the proper or safe way to accomplish the discharge but no one would assist"; (3) "the County failed to contact Harris's primary care physician or arrange transportation to take Harris to Kaiser Hospital in San Jose, California, where his physician was located"; and (4) "authorized employees of the County failed to refer [Plaintiffs] or [Harris] services or resources, which those employees knew could be used to assist [Harris]." *Id.* ¶¶ 13, 21.

However, none of these allegations were in Plaintiffs' government claim. As explained above, Plaintiffs' government claim before filing suit and Plaintiffs' initial Complaint in the instant case challenged the decision to release Harris. RJN Exh. A; ECF No. 1-1 ¶¶ 10, 12. By contrast, Plaintiffs' First Amended Complaint challenges the manner of releasing Harris. FAC ¶¶ 13, 21. Accordingly, Plaintiffs' government claim and First Amended Complaint are based on different sets of actions (the decision to release Harris versus the manner of releasing Harris) taken by different actors (the doctors who decided to release Harris versus the hospital employees who communicated with Plaintiffs) within different timeframes (when the decision was made to release Harris versus after the decision was made to release Harris). *Compare* RJN Exh. A *with* FAC ¶¶ 13, 21; *see also* FAC ¶ 23 (alleging that "the aforementioned acts and/or omissions . . . did not pertain to a decision whether to release [Harris], but rather involved the ministerial acts and/or omissions in the implementations of the decisions to release [Harris]"); *id.* ¶ 13 (alleging that these acts or omissions occurred "after making the decision to release [Harris]").[2] Because Plaintiffs' government claim did not raise Plaintiffs' new theory, Plaintiffs' government claim did not satisfy the claim presentation requirement.

The California Court of Appeal came to the same conclusion in another case where the plaintiff changed theories to avoid immunity. In *Nelson v. State of California*, a prisoner filed a government claim alleging medical malpractice based on the failure of prison doctors to diagnose

---

[2] Plaintiffs' First Amended Complaint does not challenge the actions of the doctors who were treating Harris. Indeed, Plaintiffs allege that they asked to speak to a doctor but were turned away. FAC ¶ 13.

10

Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

and treat the plaintiff's medical conditions. 139 Cal. App. 3d 72, 75 (1982). The plaintiff's initial complaint made similar allegations. *Id*. After the trial court held that the state was immune to the medical malpractice claims, the plaintiff amended his complaint to take advantage of an exception to the immunity, which provided that liability exists where a public "employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." *Id.* at 78. Accordingly, the plaintiff amended his complaint to allege that the doctors failed "to summon immediate and competent medical attention." *Id.* at 75–76 (quotation omitted). The court affirmed the dismissal of the plaintiff's amended complaint because "the facts set forth in plaintiff's claim clearly do not correspond with the facts alleged in the amended complaint." *Id.* at 80. The court observed that the plaintiff's government claim alleged that the plaintiff suffered an injury because of the doctors' failure to diagnose and treat the plaintiff, not the doctors' failure to summon immediate and competent medical care. *Id.* Accordingly, the court concluded that the amended complaint "represented a radical departure" from the original allegations because the amended complaint alleged an "entirely different theory." *Id*. at 76.

Like in *Nelson*, Plaintiffs in the instant case filed a government claim, the Court concluded that immunity applied, and Plaintiffs shifted to a new theory, which is different from what Plaintiffs alleged in their government claim. Indeed, the shift in Plaintiffs' allegations in the instant case is even more dramatic than the shift that occurred in *Nelson*. In *Nelson*, the plaintiff's government claim and amended complaint focused on different actions (medical malpractice versus the failure to summon medical care) but taken by the same actors (the doctors) within the same timeframe (at the time of the plaintiff's medical treatment). *Id.* at 80. By contrast, in the instant case, as explained above, Plaintiffs' government claim and amended complaint are based on different sets of actions taken by different actors within different timeframes. *Compare* RJN Exh. A *with* FAC ¶¶ 13, 21; *see also* FAC ¶¶ 13, 23. Thus, the instant case presents an even more radical shift in allegations than in *Nelson*.

In arguing that Plaintiffs fulfilled the claim presentation requirement, Plaintiffs cite to

11

Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

*Blair v. Superior Court*, 218 Cal. App. 3d 221 (1990). However, *Blair* is distinguishable from the instant case. In *Blair*, the plaintiff filed a government claim based on negligent maintenance and construction of a highway surface. 218 Cal. App. 3d. at 223. The plaintiff then filed a complaint alleging that the highway was "in a dangerous and defective condition for a number of reasons including, but not limited to the following: ice had accumulated on the roadway . . . at that point, the roadway . . . require[es] guard rails where there was no guard rail; in addition, the slope of the road is such that a vehicle striking ice is carried off the road . . . [and] [n]o warning signs were in place." *Id.* at 224 (emphasis omitted). The defendant argued that the complaint's allegations regarding the lack of guard rails, slope of the road, and failure to warn had to be stricken. *Id*. The court rejected the defendant's argument because "the claim and the complaint [were] premised on essentially the same foundation, that because of its negligent construction or maintenance, the highway at the scene of the accident constituted a dangerous condition of public property." *Id*. at 226. The court distinguished *Nelson* on the grounds that *Nelson* involved "a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the [government] claim." *Id.*

Unlike *Blair*, in the instant case, as explained above, Plaintiffs' government claim and First Amended Complaint are based on different sets of actions taken by different actors at different times. *Compare* RJN Exh. A *with* FAC ¶¶ 13, 21; *see also* FAC ¶¶ 13, 23. Thus, Plaintiffs' government claim did not fulfill the claim presentation requirement for Plaintiffs' new theory that authorized employees of the Santa Clara Valley Medical Center were negligent in carrying out the decision to release Harris. Accordingly, Plaintiffs' theory is subject to dismissal under the California Government Claims Act. *Donohue*, 178 Cal. App. 3d at 804. The Court thus GRANTS the County's motion to dismiss Plaintiffs' state law claims.

Plaintiffs request leave to amend any deficiencies that the Court identifies. Opp'n at 10. Dismissal with prejudice is warranted when amendment would be futile, unduly prejudice the opposing party, or cause undue delay, or the moving party has acted in bad faith. *Leadsinger*, 512 F.3d at 532. In the instant case, the Court concludes that leave to amend would be futile because

12

Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

the allegations that employees were negligent in carrying out the decision to release Harris were not included in Plaintiffs' government claim, and the time to file a government claim has long expired. Furthermore, requiring the County to file a third motion to dismiss would unduly prejudice the County. Finally, Plaintiffs have already amended their Complaint, which weighs against granting leave to amend. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (holding that, in considering whether to grant leave to amend, courts should consider whether the plaintiff has previously amended the complaint); *see also City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (quotation omitted). Accordingly, the Court DENIES Plaintiffs' request for leave to amend.

**B. Section 1983 Claim**

The County next argues that Plaintiffs' Section 1983 claim should be dismissed. Mot. at 14–17. In the Court's order granting the County's first motion to dismiss, the Court dismissed Plaintiffs' Section 1983 claims for two reasons. First, Plaintiffs had not plausibly alleged that the County had a policy, custom, or practice that "amounts to deliberate indifference to the plaintiff's constitutional right" and was "the moving force behind the constitutional violation." ECF No. 24 at 11–12 (quoting *Dougherty*, 654 F.3d at 900 (quotation omitted)). Second, Plaintiffs had not plausibly alleged that the County exhibited deliberate indifference. *Id.* at 10–11. Because Plaintiffs have not cured either of these defects, the Court dismisses Plaintiffs' Section 1983 claim with prejudice. Each of these defects provides an independent ground for dismissal of Plaintiffs' Section 1983 claim. The Court discusses in turn: (1) the existence of a County policy, custom, or practice and (2) deliberate indifference.

To state a Section 1983 claim, plaintiffs must plead that "(1) the defendants acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes." *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)). "A government entity cannot be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a

13
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

moving force behind a violation of constitutional rights." *Dougherty*, 654 F.3d at 900 (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978)). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove: '(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.'" *Id.* (quoting *Plumeau v. Sch. Dist. No. 40 Cty. Of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

In the instant case, Plaintiffs' First Amended Complaint fails to plausibly allege the existence of such a County policy, custom, or practice. Plaintiffs' First Amended Complaint alleges that the County "fail[ed] to take . . . reasonable measures" as to Harris. FAC ¶¶ 39, 42. However, Plaintiffs' First Amended Complaint never mentions a County policy, custom, or practice. *See id.* ¶¶ 35–43. Accordingly, Plaintiffs never allege that a County policy, custom, or practice was the moving force behind the alleged failure to take reasonable measures as to Harris. *See id.*

Plaintiffs contend that Plaintiffs can survive a motion to dismiss even if their First Amended Complaint includes nothing more than a bare allegation that the individual officers' conduct conformed to a County policy, custom, or practice. Opp'n at 11–12. However, Plaintiffs have not made a bare allegation that the County employees' conduct conformed to official policy, custom, or practice. Plaintiffs' First Amended Complaint never mentions a County policy, custom, or practice. *See* FAC ¶¶ 35–43. Moreover, Plaintiffs' argument is based on an outdated reading of Ninth Circuit law. Plaintiffs cite the Ninth Circuit's decision in *A.E. ex rel Hernandez v. County of Tulare* for the proposition that "a claim of municipal liability under § 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Opp'n at 11–12 (citing *A.E. ex rel Hernandez v. County of Tulare*, 666 F.3d 631, 666 (9th Cir. 2012)).

However, as the County points out, the paragraph Plaintiffs quote from *A.E.* begins with the phrase "in the past." *A.E.*, 666 F.3d at 636. Indeed, *A.E.* held that a plaintiff bringing a Section

14

1983 claim against a municipality needed to plausibly allege the existence of a policy, custom, or practice. *Id*. at 636–37. Because Plaintiffs have again failed to plausibly allege the existence of a County policy, custom, or practice, Plaintiffs have not stated a Section 1983 claim. *Dougherty*, 654 F.3d at 900; *accord Ahmed v. City of Antioch*, 2016 WL 8729938, at *2 (N.D. Cal. July 1, 2016) (granting motion to dismiss Section 1983 claim where the plaintiffs failed to assert that the officers "followed any policy, practice, or custom"). Thus, the Court GRANTS the County's motion to dismiss Plaintiffs' Section 1983 claim.

Moreover, Plaintiffs' failure to plausibly allege that the County exhibited deliberate indifference provides an additional ground to dismiss Plaintiffs' Section 1983 claim. "Deliberate indifference is a 'stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) (quoting *Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)). Deliberate indifference "is a higher standard than gross negligence because it 'requires a culpable mental state,' meaning that '[t]he state actor must recognize[ ] [an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff.'" *Campbell v. State of Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 846 (9th Cir. 2011) (quoting *Patel*, 648 F.3d at 974).

In the instant case, Plaintiffs' First Amended Complaint still fails to plausibly allege that the County exhibited deliberate indifference. In Plaintiffs' initial Complaint, Plaintiffs allege that the County "knew or should have known that [Harris] was unfit to be released prematurely," that Harris's release "lowered the safety and security conferred on [Harris]," and that Harris's release "create[ed] a danger to which [Harris] [fell] victim and doing so with deliberate indifference to the known and obvious danger [Harris] posed to himself." ECF No. 1-1. Plaintiffs' First Amended Complaint alleges that the County "knew of Harris' grave mental condition" and that "absent proper post discharge care and follow up," Harris would "likely return to Highway 280 and try to kill himself." FAC ¶ 37. Plaintiffs' First Amended Complaint further alleges that the County "acted with a deliberate indifference in their treatment of [Harris]" by "fail[ing] to take the

15
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

reasonable measures" in implementing the decision to discharge Harris. *Id.* ¶¶ 38–39, 42.

However, Plaintiffs' First Amended Complaint does not allege facts sufficient for deliberate indifference. Although Plaintiffs allege that the County failed to take reasonable measures in implementing the decision to release Harris, Plaintiffs concede that the County gave notice to Plaintiffs in advance of Harris's release. FAC ¶ 13. Moreover, Plaintiffs do not allege that Harris was released by himself. Furthermore, Plaintiffs do not allege that Harris was harmed during his release or immediately thereafter. Rather, Plaintiffs allege that Harris harmed himself two days after his release. *Id.* ¶ 14. Plaintiffs do not allege facts as to what risks the County was aware of at the time of Harris's release, how the County became aware of those risks, and what intent the County had with respect to the risks posed to Harris. As the Ninth Circuit has explained, "[d]eliberate indifference is a stringent standard of fault," which requires that "'[t]he state actor must recognize[ ] [an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff.'" *Patel*, 648 F.3d at 846 (quotation omitted). Without allegations about what risks the County was aware of at the time of Harris's release, how the County became aware of those risks, and what intent the County had with respect to the risks posed to Harris, Plaintiffs' First Amended Complaint does not plausibly allege that the County acted with the stringent levels of knowledge and intent required by the deliberate indifference standard.[3] Plaintiffs' failure to plausibly allege that the County exhibited deliberate indifference provides another grounds for the Court to GRANT the County's motion to dismiss Plaintiffs' Section 1983 claim. *Dougherty*, 654 F.3d at 900.

Plaintiffs request leave to amend any deficiencies that the Court identifies. Opp'n at 12. Dismissal with prejudice is warranted when amendment would be futile, unduly prejudice the

---

[3] In contending that the instant case is indicative of deliberate indifference, Plaintiffs cite to *Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989). Opp'n at 10–11. However, *Wood* involved very different circumstances. In *Wood*, an officer impounded the car in which the plaintiff was riding and left the plaintiff alone at 2:30 am on the side of the road in an area with one of the highest crime rates in the county. 879 F.2d at 586. By contrast, in the instant case, Plaintiffs do not allege that Harris was released by himself in the middle of the night in a dangerous area. Rather, Plaintiffs allege that the County provided Plaintiffs advance notice of Harris's release. FAC ¶ 13.

16
Case No. 20-CV-05498-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

opposing party, or cause undue delay, or the moving party has acted in bad faith. *Leadsinger*, 512 F.3d at 532. In the instant case, the Court's prior order concluded that Plaintiffs had not stated a Section 1983 claim because Plaintiffs failed to plausibly allege the existence of a County policy, custom, or practice, and Plaintiffs failed to plausibly allege that the County exhibited deliberate indifference. *See* ECF No. 24 at 10–13. Moreover, the Court's prior order warned Plaintiffs that failure to cure these same deficiencies would result in dismissal of the deficient claims with prejudice. *Id.* at 13. Plaintiffs' failure to cure these deficiencies demonstrates that further leave to amend would be futile. Furthermore, requiring the County to file a third motion to dismiss would unduly prejudice the County. Finally, Plaintiffs have already amended their Complaint, which weighs against granting leave to amend. *See Johnson*, 356 F.3d at 1077. Accordingly, the Court DENIES Plaintiffs' request for leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the County's motion to dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: May 26, 2021

_____
LUCY H. KOH
United States District Judge